United States District Court
Southern District of Texas
**ENTERED**
June 13, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-16-99-6 |
| | § | |
| ASHTON ARMSTRONG | § | |

**MEMORANDUM OPINION AND ORDER**

Federal prisoner Ashton Armstrong filed a *pro se* letter motion seeking to reduce his sentence under 18 U.S.C. § 3582. (Docket Entry No. 457.) The motion challenged his sentence and requested home confinement and a compassionate release.

On April 29, 2022, the Court denied defendant's request for home confinement and for a compassionate release. The Court further warned defendant that it intended to characterize his remaining sentencing claims as seeking relief under section 2255. *See Castro v. United States*, 540 U.S. 375, 383 (2003). Defendant was advised that he could either withdraw his motion or amend it so that it contained all the section 2255 claims he believed he had. The Court informed defendant that if he did not withdraw or amend his motion within thirty days, the motion would be construed and adjudicated as one brought pursuant to section 2255.

To-date, and despite expiration of a reasonable period of time in excess of forty-five days, defendant has failed to respond to the *Castro* warning. Consequently, the Court hereby recharacterize his motion as a section 2255 motion and DISMISSES the motion as barred by limitations. 28 U.S.C. § 2255(f).

### *Background and Claims*

Defendant pleaded guilty to aiding and abetting interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 2); aiding and abetting brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (3)(A), and 2 (Count 3); and to a second count of aiding and abetting interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 4). (Docket Entry No. 363, pp. 1–2.)

On March 13, 2019, the Court sentenced defendant to 57 months' incarceration as to each of Counts 2 and 4, to run concurrently, followed by a consecutive term of 84 months' incarceration as to Count 3, for a total of 141 months' incarceration. (Docket Entry No. 363, p. 3.) Defendant did not appeal the convictions or sentences.

In the instant motion, defendant argues that he is entitled a sentence reduction based on the following:

1. *United States v. Davis* requires the Court to run his two robbery convictions concurrently with his brandishing a firearm conviction.

2. His mental health should have played a larger role at sentencing.

3. His age and lack of an adult criminal history should have been given more weight than his juvenile criminal history at sentencing.

### *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in

2

violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### *Limitations*

Time limitations for the filing of a motion under 28 U.S.C. § 2255 are governed by the following statutory provisions:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

*Section 2255(f)(1)*

Defendant complains that the Court did not give sufficient emphasis to his mental health, age, and lack of an adult criminal history at sentencing, which resulted in an excessive sentence. Limitations as to these claims are governed by section 2255(f)(1), under which limitations commences on the date the judgment of conviction becomes final.

Defendant's judgment of conviction was entered on March 18, 2019, and became final for purposes of section 2255(f)(1) fourteen days later, on April 1, 2019. Consequently, limitations expired one year later, on April 1, 2020. Defendant filed the instant motion no earlier than May 27, 2021, after expiration of limitations.

Defendant's rule 2255 motion is untimely by over one year under section 2255(f)(1), and his claims challenging the role of his mental health, age, and lack of an adult criminal history at sentencing must be dismissed.

*28 U.S.C. § 2255(f)(3)*

Defendant next argues that his sentence should be reduced under *United States v. Davis*, ___U.S. ____, 139 S. Ct. 2319 (2019), which held that the residual clause of section 924(c) is unconstitutionally vague. According to defendant, *Davis* requires this Court to run his two robbery convictions concurrently with his brandishing a firearm conviction.

Limitations on defendant's *Davis* claim is governed by section 2255(f)(3), which provides that limitations commences on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court issued *Davis* on June 24, 2019; consequently, his section 2255 motion was due one year later, on July 24, 2019. However, defendant did not file the instant motion raising his *Davis* claim until June 7, 2021. Defendant proffers no basis for holding his *Davis* claim timely filed, and the claim is dismissed as barred by limitations.

## *Conclusion*

Defendant's section 2255 motion (Docket Entry No. 457) is DISMISSED WITH PREJUDICE as barred by limitations. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas, on June  13 , 2022.

_____
Gray H. Miller
Senior United States District Judge